IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EVERETT F. ROBINSON, JR.,           *
          Petitioner
                                    *
          v.                                 Civil Action No.  PJM-12-844
                                    *
WARDEM J. MINER, et al.,
          Respondents               *

                              ********

## MEMORANDUM OPINION

At the time he filed this 28 U.S.C. § 2254 action on October 3, 2011, Petitioner Everett F. Robinson, Jr. was a prisoner in North Carolina serving a federal sentence.[1]  Petitioner seeks to vacate his 1998 convictions for breaking and entering a dwelling and malicious destruction of property entered in the Circuit Court for Prince George's County, Maryland.  Respondents have filed an answer to the Petition, arguing that the application should be dismissed because Petitioner is no longer "in custody" under the conviction.  ECF No. 9.  Petitioner has filed a reply.[2]  ECF No. 10.  For reasons to follow, the Petition shall be denied and dismissed.

On August 1, 1997,  Petitioner was found guilty of breaking and entering and malicious destruction of property in the District court of Maryland for Prince George's County.  ECF No. 9, Ex. 1.  He was sentenced, on that same date, to a one-year term of incarceration, all suspended.  The judgment became final on August 31, 1997.  See Md. Rule 7-104 (appeal from district court judgment must be filed within 30 days).  Petitioner's sentence expired in December of 1997. *Id.*  Petitioner is currently in federal custody serving a sentence for a federal conviction.

---

[1] Petitioner is now is housed at the Rivers Correctional Institution in Winton, North Carolina.  ECF No. 1.  The Petition was originally filed in the United States District Court for the Eastern District of North Carolina and subsequently transferred here by that court.  ECF No. 6.

[2] In his Reply, Petitioner argues that he is "in custody" because the conviction he seeks to challenge resulted in the enhancement of the sentence he is presently serving.

ECF Nos. 1 & 10.

When Petitioner instituted the current proceedings, he was no longer in Maryland custody on the judgment of conviction at issue in the Petition. Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" in violation of laws, treaties or the Constitution of the United States. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This custody requirement is not met when the inmate challenges an expired sentence. *See Lackawana County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Petitioner does not rebut Respondents' argument that his custody on the 1997 conviction ended 1997, other than to erroneously argue that because his federal sentence was enhanced by this state conviction he therefore remained in custody. Simply put, at the time he filed this matter, Petitioner was not in custody for purposes of challenging his 1997 conviction under § 2254(a).[3] The fact that the conviction may be used to enhance sentences imposed on other convictions does not change this result. *Maleng*, 490 U.S. at 492-93. Accordingly, this Court lacks subject matter jurisdiction over the instant Petition.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001)

---

[3] As this Court lacks jurisdiction over this case, it will not address the question of whether the Petition would otherwise be time-barred.

(quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).  The Court will not issue a COA because

Petitioner has not made the requisite showing.

A separate Order dismissing the Petitioner and denying a COA follows.


_____
                                        /s/
                                        PETER J. MESSITTE
July 2, 2012                            UNITED STATES DISTRICT JUDGE